## CENTRAL OHIO LIGHT & POWER CO v DREISBACH

Ohio Appeals, 3rd Dist, Hancock Co

No 323.   Decided Jan 19, 1933

KLINGER, J.

E. V. and J. A. Bope, Findlay, for plaintiff in error.

Axline and Pendleton, Findlay, for defendant in error.

This proceeding is brought by Orville Dreisbach to repossess the premises heretofore granted to The Western Ohio Railway Company.

The crux of this lawsuit depends upon the interpretation given to the language used in the waiver of forfeiture executed June 18, 1903, to-wit:

"Whereas, on the 19th day of June, 1902, the undersigned duly made, executed and delivered to The Western Ohio Railway Company a deed in fee simple for certain real estate therein described, which said deed is recorded in Vol. 112 at Page 91 of the Record of Deeds in Hancock County, Ohio, and

"Whereas, said deed so as aforesaid made, executed and delivered, had a condition therein written in the following words and language, to-wit:

"If said premises be not used for electric street railroad purposes within two years from the date hereof, or if said premises be used for any other than for electric street railroad purposes, or in case the same shall, after being first occupied and  .

used for electric street railroad purposes, be abandoned or unused for the purposes aforesaid for the period of one year, then, and in such case, the estate hereby granted unto the said The Western Ohio Railway Company, its successors and assigns, shall cease and determine, and the title to ·the above premises shall revert and be revested in the grantor, his heirs and assigns, without further act or deed.

"Whereas, the said The Western Ohio Railway Company has been reasonably diligent in its efforts to put said premises to the uses aforesaid, but by reason of its being unable to purchase and have delivered the necessary material to construct, build and equip said electric street railroad on said premises, and

"Whereas, said The Western Ohio Railway Company is still desirous of building and constructing said electric street railroad on the premises, and is making all reasonable efforts possible in that direction.

"Now Therefore, the undersigned, in consideration of the premises of The Western Ohio Railway Company to ultimately build, construct, equip and operate an electric street railroad over said premises above referred to as soon as the material therefor can be purchased and obtained, and in further consideration of the sum of One ($1.00) Dollar paid to the undersigned, the receipt of which is hereby acknowledged, the undersigned hereby expressly waive their right of forfeiture given to them by the terms and provisions of the deed hereinbefore referred to, and the undersigned further extend the time fixed in said condition in said deed, within which to put the said premises to the uses contemplated, viz:

"The construction, maintenance and operation of an electric street railroad, for the period of three (3) years, but this agreement and waiver shall in no wise effect any of the other terms or conditions in said deed contained.

"In Witness Whereof, the undersigned have hereunto set their hands on this 18th day of June, A. D. 1903.

L. B. May          Orville C. Driesbach
T. J. Mapel        By C. M. Dreisbach."

The intention of the parties, in the opinion of this court, is that an extension from two years to three years of the period of time within which the electric street railroad was to be built, was all the change that was contemplated by all the parties to the agreement. For all other purposes, the limitations and restrictions were to continue in full force.

The deed contains words admitting of no doubt that no more was intended to be conveyed than a right of way for the railroad, that is to say, an easement to maintain an electric railroad on the grounds conveyed, and to do nothing else. The instrument of June 18, 1903, quoted above, styled "waiver of forfeiture," contains no language which can be construed as destroying the limitation we have just mentioned, which was not a forfeiture, but was, as we have said, definitive of the sole purpose which the parties had in mind in the making and delivery of the deed. Indeed, there is no allusion in the "waiver of forfeiture" to the restriction of the use to which the land was to be put. Moreover, in the "waiver of forfeiture" it is expressly stated that it "shall in no wise effect (affect) any of the other terms or conditions in said deed contained."

We find no error, and the judgment of the Common Pleas Court is affirmed.

Before
JUDGES CROW, KLINGER and KINDER.